# THE

# New York Supplement

## VOLUME 88.

AND

## New York State Reporter,

## VOLUME 122.

---

(94 App. Div. 322.)

### KEMP v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  May 13, 1904.)

1. STREET RAILROADS—PERSONAL INJURIES—HOSPITAL RECORD—ADMISSIBILITY.
   The record of a hospital, showing that at a time specified therein a doctor removed to the hospital a person whose name and address were entered in the record, corresponding with those of plaintiff's decedent, with a statement of the nature of her injuries, is incompetent evidence in an action against a street railroad to recover for the injuries to plaintiff's decedent.

2. WITNESSES—CROSS-EXAMINATION.
   The entries in the record of the hospital having been proved by the doctor who made them to have been in his handwriting, it was error to refuse defendant the right to cross-examine the doctor with reference to the statements made by decedent to him from which the entries were made.

3. SAME—PRIVILEGED COMMUNICATION—STATUTE—WAIVER.
   By calling the physician and interrogating him as to the condition of the deceased after the accident, and introducing in evidence the record he made in the hospital book, plaintiff waived the prohibition contained in Code Civ. Proc. § 834, as to communications between physician and patient.

Appeal from Trial Term, New York County.

Action by John Kemp, administrator of the estate of Annie Kemp, deceased, against the Metropolitan Street Railway Company.  From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

88 N.Y.S.—1

Charles F. Brown, for appellant.
Edward Hymes, for respondent.

INGRAHAM, J. The jury having found a verdict for the plaintiff upon evidence which justified such a verdict, we should have no difficulty in affirming this judgment were it not for exceptions to the admission of evidence which require us to direct a new trial. A Dr. Addoms, who was a junior assistant surgeon connected with the J. Hood Wright Memorial Hospital, and who had charge of an ambulance, testified that in answer to a call for an ambulance he took the plaintiff's intestate to the hospital; that on his return to the hospital he entered in a book, which he produced, the name and address of the woman that he carried to the hospital; that he had no recollection of the occurrences, apart from the entries in the book; that some of the other entries as to ambulance calls on that day were made by him, and some by another physician who was not examined on the trial. Counsel for the plaintiff offered in evidence the entries in the books which were in the handwriting of the physician, which were objected to by the defendant on the ground that it was incompetent and improper at the time, which objection was overruled, and to which the defendant excepted. The entry contained the name of the plaintiff's intestate, her residence, the extent of the injury, and the fact that she was brought in by the physician who had testified. The physician also testified that his diagnosis as contained in this entry was his opinion at the time, and that it was his opinion when he was examined as a witness; that he remembered such a name as that of Annie Kemp, but could not say positively that it was Annie Kemp. This evidence was quite material, as neither of the witnesses called for the plaintiff who testified to the facts in relation to the accident had ever seen the plaintiff's intestate before they saw her fall off the car, and never saw her afterwards, and she was only identified by the fact that the woman whom these witnesses saw fall off the car was taken to a drug store, and it was from this drug store that the ambulance in charge of Dr. Addoms removed the person injured to the hospital.

It seems to me that the record of this book was clearly incompetent. It was not a public record kept by a public officer in the discharge of his duties, but was the record of the fact that at a time specified the doctor removed a person to the hospital whose name and address were entered in the record of the hospital with a statement of the nature of her injuries. In B. L. T. & S. D. Co. v. K. T. & M. A. Ass'n, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839, records of the board of health of the city of Buffalo were held incompetent evidence as between third parties. The court say:

"The statute and ordinance were police regulations, and the records were required for local and specific purposes, and are not public records in such sense as makes them evidence between private parties of the facts recorded. We have found no case which would justify their admission, in a controversy between private parties, as evidence of the cause of death recently happening, where that became a material inquiry."

But even assuming that, while these records were incompetent, they could not have injured the defendant, the defendant certainly was

entitled to cross-examine the witness who made the entries in relation to them. The defendant recalled Dr. Addoms, who testified that in his attendance upon ambulance calls it was a portion of his duty to get a history of the case, and "in this particular instance I took the circumstances of the accident. That was a part of my duty." He was asked: "In this particular case, namely, the case of Mrs. Kemp, did you from her get a history of the case?" That was objected to by counsel for the plaintiff, upon the ground that it was hearsay and privileged, and not being waived by any act. The witness was then asked: "Subsequent to the history of the case—I am not asking you now particularly in respect to the history of the case of Mrs. Kemp—did you inquire as to the way in which the accident occurred on the 31st day of July?" That was objected to, and the court directed the witness to answer yes or no, and the witness answered he did. The witness was then asked: "Now, will you state what she said?" That was objected to as privileged, hearsay, and not binding upon the plaintiff. The objection was sustained, to which counsel for the defendant excepted. It seems to me that this testimony was competent. This entry in the hospital book, which contained a statement of the accident and the injuries sustained by the woman that he took to the hospital, and which the doctor obtained from her, having been introduced as evidence against the defendant, over the defendant's protest and exception, it was certainly competent then for the defendant to prove what it was that the deceased said to him from which he made the record which had been admitted in evidence. A party to an action cannot call a physician and accept his statement of a fact which he had recorded, knowledge of which he acquired from the party introducing the evidence, and then prevent his opponent from proving just what it was that the party said to the witness from which he made the record which contained the statement. Assuming that the communication of the deceased to the witness was privileged—a question which is open to serious doubt since the decision in Green v. Met. St. Ry. Co., 171 N. Y. 203, 63 N. E. 958, 89 Am. St. Rep. 807—the plaintiff, by calling the physician and interrogating him as to the condition of the deceased after the accident, and introducing in evidence the record that he made in the hospital book of the occurrence, clearly waived the prohibition contained in section 834 of the Code of Civil Procedure; and the attorney for the representative of the deceased, having interrogated the witness as to the condition of the deceased, and having been allowed to introduce in evidence the record made by the physician of the information that he received from the deceased at the time, cannot claim that the witness shall be prevented from stating to the jury the declarations made by the deceased from which the record was made. As the witness was not allowed to answer these questions, we cannot say what effect the answers would have had upon the jury. Assuming that the individual whom the two witnesses for the plaintiff saw fall from the car was the deceased, there was a sharp conflict as to whether the accident was caused by any negligence of the defendant, and it is not improbable that this evidence would have had a controlling influence upon the jury if it had been received.

For this error we are forced to reverse the judgment and order appealed from, and direct a new trial, with costs to the appellant to abide the event. All concur.